UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

L&D VENTURES, LLC,

    Plaintiff,
v.                                         Case No. 8:08-cv-1128-T-33TGW

GARLIC JIM'S FRANCHISE
INTERNATIONAL, INC., DWAYNE
NORTHROP, LOU URBANO, BOB SMITH,
AND DAVID GOLLERSRUD,

    Defendants.
_____/

GARLIC JIM'S FRANCHISE
INTERNATIONAL, INC.,

    Plaintiff,
v.                                           Case No. 8:08-cv-2429-T-33EAJ

L&D VENTURES LLC, BRETT R.
LARRABEE,
    Defendants.
_____/

**ORDER**

    This matter comes before the Court on review of the above-titled, related cases. Both actions involve the same series of events and the same franchise agreement. L&D Ventures entered into a franchise agreement with Garlic Jim's Franchise International to operate a Garlic Jim's Famous Gourmet Pizza restaurant.

    In its amended complaint filed in case 8:08-cv-1128-T-33TGW, L&D alleges that Garlic Jim's Franchise International and related parties fraudulently induced L&D into signing the

franchise agreement and made fraudulent omissions. (Doc. # 40 at 17). In addition, L&D alleges that Garlic Jim's Franchise International and related parties made negligent misrepresentations and negligent omissions to L&D, that Garlic Jim's Franchise International breached the implied covenant of good faith and fair dealing with respect to L&D, and that Garlic Jim's Franchise International breached the franchise agreement. (Id. at 19-20). Further, L&D asserts that Garlic Jim's Franchise International and related parties violated Florida's Deceptive Trade Practices Act, Florida's Franchise Act, Florida's civil RICO statute, and tortiously interfered with L&D's advantageous business and contractual relationships. (Id. at 20-21). L&D also alleges that related parties were engaged in a civil conspiracy with the objective of committing fraud against L&D. (Id.). In addition, L&D seeks rescission of the agreement between L&D and Garlic Jim's Franchise International, indemnification, as well as a declaratory judgment. (Id. at 23-28).

In case 8:08-cv-2429-T-33EAJ, Garlic Jim's International sues L&D for breach of contract, trademark infringement, and unfair competition under the Lanham Act. (Doc. # 2).

On February 9, 2009, the parties in case 8:08-cv-2429-T-33EAJ, filed a joint motion for extension of time in which to

hold a case management conference. (Doc. # 29).  Within the motion for extension of time, the parties indicated that cases 8:08-cv-2429-T-33EAJ and 8:08-cv-1128-T-33TGW were mediated together before Robert Daisley on February 3, 2009, from 10:00 a.m. until 6:30 p.m., and the mediation was continued until March 4, 2009. (Id.).

Upon consideration of the foregoing, and in light of the joint settlement conference that is ongoing in both cases, this Court determines that consolidation of these cases pursuant to Rule 42(a), Fed. R. Civ. P., would benefit the parties as well as the Court.  Rule 42(a) states: "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Id.

In Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985), the Eleventh Circuit, commenting on the provisions of Rule 42, Fed. R. Civ. P., noted, "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at 1495 (quoting In re Air Crash Disaster at

Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)). The Hendrix court further explained, "We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix, 776 F.2d at 1495.

A trial court's decision to consolidate similar cases is purely discretionary. Id. However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495.

In consideration of the many commonalities between the aforementioned cases, this Court determines that consolidation is appropriate. The consolidation of these cases will eliminate the risk of inconsistent adjudications of common factual and legal issues and inconsistent verdicts after separate trials. Further, consolidation will lessen the burden on the parties, witnesses, and available judicial resources. Further, consolidation will expedite the trial of

these cases and eliminate unnecessary repetition and confusion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to consolidate cases 8:08-cv-1128-T-33TGW and 8:08-cv-2429-T-33EAJ for all further proceedings.

(2) This action shall proceed under the lead case of 8:08-cv-1128-T-33TGW, and all future pleadings shall be filed in that case. The Clerk is directed to administratively close case 8:08-cv-2429-T-33EAJ. Counsel are directed to re-file in the lead case any motions that are currently pending in case 8:08-cv-2429-T-33EAJ, if necessary.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of February, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record